1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  DWIGHT EDWARD BLUEFORD,              No.  2:22-cv-000230 DB P

12            Plaintiff,

13       v.                            ORDER AND FINDINGS AND
                                       RECOMMENDATIONS
14  PILAR BATTAGLINI,

15            Defendant.

16

17          Plaintiff Martin Lee Foster proceeds pro se with an action seeking relief pursuant to 42

18  U.S.C. § 1983.  Before the court is plaintiff's complaint for screening.  (ECF No. 1.)  Also before

19  the court are plaintiff's motions to proceed in forma pauperis (ECF Nos. 2, 8), request to add

20  defendants (ECF No. 4), and motion to amend the complaint (ECF No. 5).

21          For the reasons stated below, the court will recommend that this action be dismissed

22  without prejudice as the court must abstain from hearing this case while the plaintiff's state

23  criminal case at issue is pending.  The court will deny as moot plaintiff's motion to amend the

24  complaint, request to add defendants, and motions to proceed in forma pauperis.

25  ////

26  ////

27  ////

28  ////

1    **SCREENING**

2    **I.      Legal Standards**

3    The court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

5    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

6    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

8    U.S.C. § 1915A(b)(1) & (2).

9    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

15   the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

16   showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

17   the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

18   544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

19   However, in order to survive dismissal for failure to state a claim a complaint must

20   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

21   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

22   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

23   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

24   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

25   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26   ////

27   ////

28   ////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## II.      Allegations in the Complaint

Plaintiff filed an initial complaint on February 2, 2022. (ECF No. 1.) In the complaint, plaintiff states that he filed this action in connection with a case pending in San Joaquin County (Case No. STK-CR-FE-2019-0007217). (ECF No. 1 at 3.) Plaintiff claims he is being held in "a violation of false imprisonment, equal protection under U.S. Constitution 4th, 5th, & 14th Amendments." (Id.) Petitioner also includes information regarding alleged false testimony given against him during a preliminary hearing. (Id.) Plaintiff seeks damages based on the duration of his custody in county jail. (Id. at 4.)

## III.     Younger Abstention

Plaintiff states in the amended complaint that his claims stem from an unresolved state criminal case. (Id. at 3.) Plaintiff also indicates that he is still in custody pending the resolution of those criminal charges. (Id.) In general, federal courts are required to abstain from interfering with ongoing state criminal proceedings. Younger v. Harris, 401 U.S. 37, 43-45 (1971).

### A. Legal Standard

Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger, 401 U.S. at 43-54. Abstention under Younger is required when: (1)

3

state proceedings, judicial in nature, are pending; (2) state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  See Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982); Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc., 477 U.S. 619, 627 (1986). Criminal proceedings, by their very nature, involve important state interests.  See Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curium)) (stating that a state has an important interest in passing upon and correcting violations of a defendant's rights in criminal proceedings).

When a defendant is found incompetent to stand trial in California, criminal proceedings remain ongoing.  Bark v. Patton State Hosp., 2019 WL 5580972, at *8-*9 (C.D. Cal. 2019) (finding Younger abstention applies when where a criminal defendant is found to be mentally incompetent to stand trial the criminal case "has been paused" and state criminal proceedings remain ongoing), adopted by 2019 WL 5579536 (C.D. Cal. 2019); See Martin v. Rains, 2020 WL 2395212, at *2 (C.D. Cal. 2020); Davie v. Villanueva, 2020 WL 7027537, at *3 (C.D. Cal. 2020) Thus, Younger abstention still applies following a finding that a defendant is not presently competent to stand trial.  Id.

Where all three criteria for abstention are met, the Younger doctrine requires the federal court to dismiss the action.  See Beltran v. State of Cal., 871 F.2d 777, 782 (9th Cir. 1988) ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended.  To the contrary, Younger abstention requires *dismissal* of the federal action."  (emphasis in original) (citations omitted)).

**B.  Analysis**

The first requirement for abstention under Younger is satisfied in the present action as there are ongoing state judicial proceedings.  See Middlesex County Ethics Comm., 457 U.S. at 432.  Plaintiff's complaint and court records are clear that judicial proceedings are pending in the plaintiff's state criminal case.  (ECF No. 1 at 4.)  Plaintiff states that his claim relates to a pending criminal action in which he had a preliminary hearing.  (Id.)  San Joaquin County Superior Court

public records also confirm that the state criminal case at issue in this action has not been

resolved and plaintiff is being held in custody in connection with the criminal case underlying

plaintiff's claims in this case.[1]  Blueford, No. STK-CR-FE-2019-0007217.

Given the unresolved nature of plaintiff's criminal case, state judicial proceedings are

plainly ongoing.  The pending state judicial proceedings involve an important state interest as

they are criminal proceedings.  See Koerner, 328 F.3d at 1046.  This fulfills the second

requirement for Younger abstention as the ongoing state judicial proceedings involve an

important state interest.  See Middlesex County Ethics Comm., 457 U.S. at 432.

The third and final requirement for Younger abstention is also satisfied.  Id.  Plaintiff has

not demonstrated that state proceedings do not "afford an adequate opportunity to raise the

constitutional claims."  Id. (citation omitted) (quoting Moore v. Sims, 442 U.S. 415, 430 (1979)).

As such, the third requirement for Younger is met as plaintiff provides no authority that state law

clearly bars the assertion of the relevant federal constitutional claims.

In this case, the court's abstention is required by Younger given that the three criteria for

Younger abstention are present.  Id.  The Younger doctrine requires that the court dismiss actions

where Younger applies.  See Beltran, 871 F.2d at 782.  Accordingly, it will be recommended that

this action be dismissed without prejudice.

## MOTION TO AMEND/REQUEST TO ADD DEFENDANTS

On February 3, 2022, plaintiff filed the initial complaint in this action.  (ECF No. 1)  On

February 11, 2022, plaintiff filed a request to add a long list of defendants to this action.  (ECF

No. 4)  On February 16, 2022, plaintiff filed a motion to amend the complaint to include a

number of additional claims.  (ECF No. 5.)  However, the additions of these defendants and

---

[1] The court may take judicial notice of state court records.  See Fed. R. Evid. 201 (court may take
judicial notice of facts that are capable of accurate determination by sources whose accuracy
cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir.
2012) (a court may take judicial notice of undisputed matters of public record including
documents on file in federal or state courts).  On its own motion, the court takes judicial notice of
the plaintiff's pending criminal case.  People v. Dwight Edward Blueford, San Joaquin County
Superior Court Case No. Case No. STK-CR-FE-2019-0007217 (2019).  Case records from the
San Joaquin County Superior Court can be found at https://cms.sjcourts.org/.

1   claims do not resolve the issues described above.  As such, the court still must abstain from

2   hearing this case.  Accordingly, plaintiff's request to add defendants (ECF No. 4) and motion to

3   amend the complaint (ECF No. 5) will be denied as moot without prejudice to their renewal

4   should these findings and recommendations not be adopted.

5                    **MOTIONS TO PROCEED IN FORMA PAUPERIS**

6          Plaintiff has submitted two motions to proceed in forma pauperis. (ECF Nos. 2, 8.)

7   However, as it will be recommended that plaintiff's complaint be dismissed, these motions will

8   be denied as moot without prejudice to their renewal should these findings and recommendations

9   not be adopted.

10  ////

11  ////

12  ////

13  ////

14  ////

15  ////

16  ////

17  ////

18  ////

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is ordered to randomly assign a district judge to this action;

2. Plaintiff's request to add defendants (ECF No. 4) is denied as moot;

3. Plaintiff's motion to amend the complaint (ECF No. 5.) is denied as moot;

4. Plaintiff's motions to proceed in forma pauperis filed February 3, 2022 (ECF No. 2), and June 15, 2022 (ECF No. 8) are denied as moot; and

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 19, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil.Rights/S/blue0230.scrn.fr